J-S46010-13

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNNIE SIMMONS, | : | |
| | : | |
| Appellant | : | No. 1559 EDA 2012 |

Appeal from the Judgment of Sentence February 10, 2012,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0004773-2011

BEFORE: DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 16, 2013**

Appellant, Johnnie Simmons ("Simmons"), appeals from the judgment

of sentence dated February 10, 2012, following his conviction for conspiracy

to commit murder, 18 Pa. C.S.A. § 903.    Simmons challenges the

discretionary aspects of his sentence.  For the reasons that follow, we affirm.

Because this appeal only involves consideration of Simmons's

sentence, a detailed recitation of the factual background of the case is not

necessary.  The following excerpt from the trial court's more lengthy

statement of the facts will suffice for present purposes:

> On February 4, 2011, at approximately 2:00 p.m.,
> complainant Charles Talbert was shot at least five
> times as the result of a drug transaction gone bad.
> (N.T. 12/06/11, pp. 109-112; N.T. 12/07/11, pp. 52,
> 161-62).   While en route to a variety store at
> Stenton Avenue and Johnson Street, Mr. Talbert sold
> a bag of marijuana to a man later identified as Khalif
> Collins. (N.T. 12/06/11, pp. 126-27; N.T. 12/07/11,

CP-51-CR-0004773-2011 Comm. v. Simmons, Johnnie
Superior Court Opinion



7073346971

J-S46010-13

pp. 8, 11-12, 15). After this drug transaction, Mr. Talbert entered the variety store and purchased a cell phone and shirt. (N.T. 12/06/11, pp. 55, 126-27). While Mr. Talbert waited for the activation of his cell phone, [Simmons] entered the store and told Mr. Talbert that the bag of marijuana he sold to Mr. Collins was too small. (N.T. 12/06/11, pp. 55, 69, 126-28). As a result, Mr. Talbert and [Simmons] left the store together and complainant gave [Simmons] a different bag of marijuana. (N.T. 12/06/11, pp. 55, 69, 126-28). While outside, Mr. Collins again approached Mr. Talbert and stated that someone across the street wanted to buy marijuana from him. (N.T. 12/06/11, pp. 126-28). Mr. Talbert went across the street to approach the potential buyer, who was [Simmons], and asked "What's up?" (N.T. 12/06/11, pp. 126-28). In response, [Simmons] shot him several times. (N.T. 12/06/11, pp. 126-28).

*     *     *

At 2:23 p.m., Mr. Talbert was admitted into Albert Einstein Medical Center, where he underwent several surgeries for a gunshot wound to his left anterior chest, two gunshot wounds to his right upper arm, and a gunshot wound to his abdomen. (N.T. 12/06/11, pp. 99-100; N.T. 12/07/11, pp. 18-19, 41-42). … At trial, some eight months later, Mr. Talbert was still wearing a colostomy bag. (N.T. 12/06/11, pp. 100).

Trial Court Opinion, 10/19/2012, at 2, 4.

On December 15, 2011, a jury convicted Simmons of conspiracy to commit murder, but deadlocked on the remaining charges of attempted murder, aggravated assault, possession of an instrument of crime, and carrying a firearm without a license. On February 10, 2012, the trial court sentenced Simmons to the statutory maximum sentence, 20 to 40 years of

J-S46010-13

imprisonment in a state correctional institution.  In explaining its reasons for

imposing the statutory maximum sentence, the trial court stated as follows:

> In order to acquaint myself with who you are and to prepare myself before imposing a sentence consistent with my obligation as a judge [and] my requirement to consider the facts that should be reviewed before sentence is imposed[,] I ordered a pre-sentence report.  I've read the mental health evaluation.  I'm mindful of the fact that you are a young man.  However, I've heard nothing here today to suggestion that you have the slightest respect for authority.
>
> I'm mindful of the fact that you [have] a loving mother, however, I have seen nothing here today to suggest that any of the love that she gave to you has resulted in your showing your fellow man respect or courtesy.  Yours is a minimal record.  When you were a juvenile, age 14, you were arrested and adjudicated delinquent for conspiracy to commit aggravated assault.  Thereafter, your adult record consists of a number of arrests and convictions for misdemeanor drug possession and then there is this case which [] any reasonable person would conclude [is] a senseless shooting perpetrated by one young man whose life has been aimless against another young man whose life has been aimless.
>
> People who gather on the corners commit petty crimes and if Mr. Holman[1] is to be believed terrorized a community.  People are afraid to go out on the street when you're on the street.  I have considered all that I am required to including your need for rehabilitation as well as society's need for protection and I appreciate that the least amount of incarceration consistent with the needs of the

---

[1]   Kyle Holman was a witness to Simmons' flight from the scene of the crime.  At trial he requested relocation assistance after advising the trial court of his fear of reprisal from Simmons' friends in the courtroom.  Trial Court Opinion, 10/19/2012, at 9.

J-S46010-13

> community should be the watch word for a judge
> imposing sentence.

N.T., 2/10/2012, at 38-39.

This timely appeal followed, in which Simmons raises a single question for our consideration and determination, namely whether "the sentencing court abused its discretion in sentencing [Simmons] in that the [trial] court failed to consider the rehabilitative needs of [Simmons]." Simmons' Brief at 4.

Criminal defendants do not have the automatic right to challenge the discretionary aspects of their sentence. **Commonwealth v. Robinson**, 931 A.2d 15, 19 (Pa. Super. 2007). Rather, they must seek permission. Pa.R.A.P. 2119(f); **Commonwealth v. Tuladziecki**, 513 Pa. 508, 522 A.2d 17, 19–20 (1987). Two requirements must be met before we will review a challenge to the discretionary aspect of a sentence on its merits.

> First, an appellant must set forth in his brief a
> concise statement of the reasons relied upon for
> allowance of appeal with respect to the discretionary
> aspects of a sentence. Second, the appellant must
> show that there is a substantial question that the
> sentence imposed is not appropriate under the
> Sentencing Code. The determination of whether a
> particular issue raises a substantial question is to be
> evaluated on a case-by-case basis. In order to
> establish a substantial question, the appellant must
> show actions by the trial court inconsistent with the
> Sentencing Code or contrary to the fundamental
> norms underlying the sentencing process.

- 4 -

J-S46010-13

*Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Simmons has included in his appellate brief a statement of reasons in support of review of the discretionary aspects of the sentence. Therein, Simmons offers two reasons to support his petition for permission to appeal. First, Simmons contends that the trial court's imposition of a statutory maximum sentence "imposed a manifestly unreasonable sentence in that the Sentencing Guidelines indicate the appropriate sentence to be 76 to 120 months plus or minus 12 months." Simmons' Brief at 8. Second, Simmons contends that the sentence imposed is not appropriate under 42 Pa. C.S.A. § [9721(b)] because the trial court failed to consider his rehabilitative needs when fashioning the sentence. *Id.*

Simmons' first contention, that the trial court sentenced him outside of the applicable sentencing guidelines, does not raise a substantial question. In *Commonwealth v. Ousley*, 573 A.2d 599 (Pa. Super. 1990), this Court held as follows:

> Thus, the mere fact that a person is sentenced outside the guidelines, without any suggestion of how much the sentence imposed exceeded the guidelines, without any averment that the trial court failed to state any reasons for going outside the guidelines, and without any assertion that the court relied upon any inappropriate reasons for sentencing outside the guidelines, does not raise a substantial question that the sentencing code has been

J-S46010-13

> compromised because the sentencing court is authorized to sentence outside the guidelines.

*Id.* at 601-02. In this case, as quoted above, the trial court did set forth a statement of reasons for the decision to sentence outside the guidelines. In his appellate brief, Simmons has offered no argument or explanation as to why any of those reasons were inappropriate or unreasonable. As a result, Simmons' conclusory assertion that the trial court sentenced him outside the applicable guideline range does not, without more, state a substantial question.

Simmons' second contention, that the trial court failed to consider his rehabilitative needs when imposing sentence, does state a substantial question. *See, e.g., Commonwealth v. Clarke*, ___ A.3d ___, 2013 WL 3679425, at *5 (Pa. Super. July 16, 2013) ("This Court has held that a claim the trial court focused solely on the nature of the offense, without considering the protection of the public or the rehabilitative needs of the appellant, as is required by 42 Pa.C.S.A. § 9721(b), presents a substantial question.") (citing *Commonwealth v. Riggs*, 63 A.3d 780 (Pa. Super. 2012) and *Commonwealth v. Bricker*, 41 A.3d 872 (Pa. Super. 2012)). Accordingly, we proceed to examine this claim on its merits.

In his appellate brief, Simmons points out that he was convicted only of conspiracy to commit murder, and that he was "not the principal actor in the incident." Simmons' Brief at 10. As such, Simmons claims that when

- 6 -

J-S46010-13

imposing sentence, the trial court failed to consider his "relatively minor involvement in the incident." *Id.*   Simmons also contends that the trial court failed to consider his youth and his limited prior opportunities for rehabilitation. **Id.**

Beginning with his contention that his "relatively minor involvement in the incident" was inadequately considered, neither the trial court nor the jury ever made any such finding of fact.  Both at the sentencing hearing and later in its Rule 1925(a) written opinion, the trial court emphasized its view that Simmons was not only an active participant in the conspiracy, but also the one who shot Mr. Talbert multiple times.  N.T., 2/10/2012, at 21; Trial Court Opinion, 10/19/2012, at 2 ("In response, [Simmons] shot him several times.").   In any event, even if Simmons was not the shooter, the jury convicted him of being a co-conspirator to the crime, and as such he is equally criminally responsible for the acts of the shooter.  ***See, e.g.,*** ***Commonwealth v. Ruiz***, 819 A.2d 92, 98 (Pa. Super. 2003).  Simmons has offered us no explanation as to why the precise nature of his role in the conspiracy relates to his rehabilitative needs or should otherwise have constituted a basis for the trial court to impose a lesser sentence.

With respect to Simmons' contention that the trial court failed to consider his youth, this is simply untrue.  In its statement of reasons for imposing a sentence above the applicable guideline recommendation, the trial court stated that "I'm mindful of the fact that you are a young man."

J-S46010-13

N.T., 2/10/2012, at 38. Based upon this assertion at the sentencing hearing, the trial court did consider Simmons' youth when imposing sentence. Our Supreme Court has made clear that a trial court's obligation is limited to *consideration* of the section 9721(b) factors. ***Commonwealth v. Walls***, 592 Pa. 557, 567-68, 926 A.2d 957, 963 (2007). Upon determining that the trial court gave consideration to each of the relevant factors, this Court must be highly deferential with respect to the trial court's ultimate sentencing decision. ***Id.*** at 565, 926 A.2d at 961. Because the trial court here in fact considered Simmons' youth when imposing sentence, this Court will not disturb the trial court's decision to balance this factor against other competing interests, including the nature of the offense and the protection of the public.

Finally, with respect to Simmons' "limited prior opportunities for rehabilitation," his appellate brief does not offer any detail on the nature of prior rehabilitative efforts (or the lack thereof). In this regard, we note that the trial court received and reviewed a pre-sentence report prior to imposing sentence, and we must therefore presume that the trial court properly weighed all mitigating factors when determining the appropriate sentence. ***Commonwealth v. Baker***, __ A.3d __, 2013 WL 3788795, at *4 (Pa. Super. July 19, 2013). Simmons has not offered us any basis to overcome this presumption in this case.

- 8 -

J-S46010-13

For these reasons, we conclude that the trial court adequately considered Simmons' rehabilitative needs when imposing sentence, and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Prothonotary

Date: 8/16/2013