**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| Received | : | PENNSYLVANIA |
| v.       JUL 1 9 2019 | : | |
| Office of Judicial Records Appeals/Post Trial | : |  |
| JOHNNIE SIMMONS, | : | |
| | : | |
| Appellant | : | No. 1649 EDA 2017 |

Appeal from the PCRA Order May 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004773-2011

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 19, 2018**

Appellant, Johnnie Simmons, appeals *pro se* from the Order entered in

the Philadelphia County Court of Common Pleas dismissing his first Petition

filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

Appellant challenges the legality of his sentence and the stewardship provided

by counsel.   After careful review, we affirm.

The PCRA court set forth the underlying facts and we need not repeat

them in detail.  **See** PCRA Court Opinion, filed 11/7/17, at 2-6.  Briefly, on

February 4, 2011, Charles Talbert sold a bag of marijuana to Khalif Collins.

Shortly after that transaction, Appellant entered a store where Mr. Talbert was

shopping and told Mr. Talbert that the bag of marijuana that he had just sold

to Mr. Collins was too small.  As a result, Mr. Talbert gave Appellant a different

bag of marijuana.  Once outside the store, Mr. Collins again approached Mr.

_____
*   Retired Senior Judge assigned to the Superior Court.

Talbert and said that someone across the street also wanted to buy marijuana. Mr. Talbert then walked across the street and was shot five times. Paramedics transported Mr. Talbert to Albert Einstein Medical Center where he underwent several surgeries for his gunshot wounds.

At the crime scene, Kyle Holman saw Appellant leaving the scene and described him to an off-duty police officer who happened to be nearby. Another bystander described the shooter's accomplice to other police officers. Additionally, detectives interviewed the owner of the store in which Appellant and Mr. Talbert had interacted about the bag of marijuana.

Five days later, after Mr. Talbert identified Appellant in a photographic array as the shooter, the Commonwealth arrested Appellant and charged him with, *inter alia*, Conspiracy to Commit Murder.[1]

Prior to Appellant's jury trial, Mr. Talbert contacted Leeland Kent, the Executive Director of Victim Services with the District Attorney's Office, and asked for witness relocation assistance because he was frightened.    Mr. Holman requested relocation assistance from the District Attorney's Office during trial.

Trial proceeded, at which numerous witnesses testified. Detective Michael Acerenza read to the jury the transcript of the investigative interview he conducted with Mr. Talbert at which Mr. Talbert told the detective, *inter*

---

[1] 18 Pa.C.S. §§ 903(a)(1) and 2502(a).

*alia*, that Appellant "has ties to T.I.... a guy I testified against about three to four years ago... [and T.I. is] probably mad about that whole situation." N.T., 12/6/11, at 175.

Mr. Talbert testified that Mr. Kent did not help him find an alternate place to live and that they only spoke because Mr. Talbert wanted to "get[] some money." N.T. 12/6/11, at 124.

Before Mr. Kent testified, and while the jury was out of the courtroom, Appellant orally moved to preclude his testimony regarding Mr. Talbert. N.T., 12/12/11, at 26. The Commonwealth made an offer of proof and the court allowed Mr. Kent to testify that Mr. Talbert reached out to him in February 2011 because he had been shot, was scared, and requested relocation assistance. N.T., 12/12/11, at 28-29, 32-33. Mr. Kent also testified that Mr. Talbert moved in with a friend independently from the services offered by the victim's services office and received no financial assistance from the District Attorney's Office at any time in this case. *Id*. at 34-35. During his cross-examination, Mr. Kent explained that he did not bring the file with him to court for the safety of victims and their family members. Defense counsel requested that the court instruct Mr. Kent to provide Mr. Talbert's relocation file to him. *Id*. at 37-38. The court asked on what basis the file was needed, and after defense counsel responded that it was to determine whether the documents supported Mr. Kent's testimony, the court directed defense counsel to finish his cross-examination. *Id*. Defense counsel had no further questions.

During Mr. Kent's re-direct examination, Mr. Kent testified that in order to protect individuals "that may still be in the neighborhood who would be in harm's way, relocation files are kept confidential and [are] not disclosed." *Id.* at 38-39. Mr. Kent also testified that he typically provides the defense with an itemized list of expenses paid out to victims and that in this case, victims' services provided no money to Mr. Talbert. *Id.* at 39. The court did not order Mr. Kent to turn over the relocation file.

Just before Mr. Holman testified, the court temporarily cleared the gallery of certain individuals because Mr. Holman informed the court that he did not want to endanger his family by testifying in front of "drug dealers and thugs." N.T., 12/7/11, at 103-11.

On December 15, 2011, the jury convicted Appellant of Conspiracy to Commit Murder. On February 10, 2012, the trial court imposed a term of twenty to forty years' incarceration. Appellant timely filed a Notice of Appeal, and this Court affirmed on August 16, 2013.[2]

On December 16, 2013, Appellant timely filed this first PCRA Petition *pro se*. He thereafter submitted, without permission, two amended PCRA petitions. The court appointed PCRA counsel on July 15, 2015, who filed an amended Petition on January 16, 2016. Appellant subsequently filed a Motion

---

[2] On direct appeal, Appellant challenged only the discretionary aspects of his sentence. **Commonwealth v. Simmons**, No. 1559 EDA 2012 (Pa. Super. filed Aug. 16, 2013)(unpublished memorandum).

- 4 -

to proceed *pro se*, which he withdrew after a hearing on December 16, 2016. Counsel thereafter filed with permission a supplemental amended PCRA Petition.

On April 4, 2017, the PCRA court filed a Pa.R.Crim.P. 907 Notice. Appellant filed a response to the Rule 907 Notice asserting that PCRA counsel provided ineffective assistance by failing, *inter alia*, to raise a **Brady**[3] claim with respect to the failure of the Commonwealth to provide him with the documents contained in the file about which Mr. Kent testified.

On May 5, 2017, the PCRA court dismissed the Amended Petition as meritless.   Appellant filed a Notice of Appeal on May 15, 2017.

Appellant filed a motion to proceed *pro se* on May 30, 2017 and this Court remanded for a **Grazier**[4] hearing.   The trial court held the **Grazier** hearing on August 14, 2017, and determined that Appellant could proceed *pro se*.   The PCRA court allowed PCRA counsel to withdraw.

Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents eight issues for our review:

1. (a) Was it error for counsel to allow the jury to consider hearsay and speculative testimony for the truth of the matter asserted? (b) Was PCRA counsel ineffective for failing to develop the cautionary instruction aspect of appellant's argument and failing to argue that the evidence was inadmissible to establish motive?  (c) Could the error have contributed to the verdict by

---

[3] **Brady v. Maryland**, 373 U.S. 83, 87 (1963).

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

allowing the jury to infer that the alleged calls were made in furtherance of a conspiracy?

2. Is Appellant's sentence illegal pursuant to [**Apprendi v. New Jersey**, 530 U.S. 466 (2000)] where none of the requirements of **Apprendi** were met?  Did the PCRA court err by finding that [**U.S. v. Cotton**, 535 U.S. 625 (2002)] subjects Appellant to harmless error analysis?

3. (a) Was Appellate counsel ineffective for failing to litigate that Appellant's public trial rights were violated by the trial court where the closure did not protect the interest advanced? (b) Does Appellant have to show prejudice pursuant to [**Weaver v. Massachusetts**, 137 S.Ct. 1899 (2017)] even though the ruling in **Weaver** was made specifically and only for instances where the structural error is not objected to at trial?

4. (a) Did the Commonwealth introduce evidence consistent with two opposing propositions rendering the subsequent conviction for conspiracy unconstitutional pursuant to [**Commonwealth v. New**, 47 A.2d 450 (Pa. 1946)]? (b) Was PCRA counsel ineffective for failing to further Appellant's argument and litigate the claim using the Superior Court's recitation of the facts rather than the notes of testimony, because he was missing the notes of testimony?

5. Did the trial court erroneously conclude that the defense was not entitled to access the victim's relocation file under the confrontation clause and compulsory process, even though Kent testified about his interaction with Talbert and testified that he has a pre-trial statement made by Talbert? (b) Was it error to allow the jury to consider this evidence in regards to Talbert's credibility even though the Commonwealth lost Kent's file?

6. Did the PCRA Court commit an error of law and fact when it held that Appellant's rights under [**Brady v. Maryland**, 373 U.S. 83 (1963)] were not violated when the prosecutor failed to disclose material evidence that Talbert was relocated in the past and that Talbert had an ongoing feud with individuals from the neighborhood, which could have been used to show that Talbert had knowledge of the criteria of the program and to contradict the Commonwealth's theory of motive?  Was PCRA

Counsel ineffective for failing to further develop and litigate this issue?

7. Did the PCRA Court commit an error of law and fact when it denied Appellant's request for discovery of Talbert's interaction with Leeland Kent both past and present where Appellant's discovery of Talbert's testimony in a civil suit revealed that the two are correlated by way of Talbert's testimony, and the testimony demonstrates that the Commonwealth violated **Brady**?

8. Did the PCRA Court commit an error of law and fact when it held that trial counsel was not ineffective for failing to object to the prosecutor's improper, prejudicial, and inflammatory remarks during closing arguments which deprived the defendant due process and a fair trial?

Appellant's Brief at 4-6.

**Standard of Review**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Ineffective Assistance of Counsel**

Appellant's issues challenge the effective assistance of counsel at various stages of Appellant's proceedings. The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276,

- 7 -

1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on Appellant." **Id**. To satisfy this burden, Appellant "must plead and prove by a preponderance of the evidence that[:] (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). A petitioner must prove all three factors, or the claim fails. **See Commonwealth v. Gibson**, 951 A.2d 1110, 1128 (Pa. 2008) ("If it is clear that Appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.") (citation omitted)).

In order to establish prejudice prong of claim of ineffective assistance of counsel, and appellant "must show that but for the act or omission in question, the outcome of the proceedings would have been different." **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007).

"To preserve a layered ineffective assistance of counsel claim, appellant must plead and prove that: (1) trial counsel was ineffective for a certain action or failure to act; and (2) direct appeal counsel was ineffective for failing to raise trial counsel's ineffectiveness." **Commonwealth v. Thomas**, 44 A.3d 12, 17 (Pa. 2012). (citation omitted). "As to each relevant layer of representation, appellant must meet all three prongs of the [**Pierce**] test for

[counsel's] ineffectiveness." *Id*. (citation omitted). "A failure to satisfy any of the three prongs of the *Pierce* test requires rejection of [a] claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of direct appeal counsel." *Id*. (citation omitted).

Counsel will not be found ineffective for failing to raise a meritless claim. *Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009).

**ISSUE 1**[5]

In his first issue, Appellant argues that trial counsel provided ineffective assistance because he did not object and did not request a limiting instruction when Detective Michael Acerenza read to the jury the transcript of his investigative interview with Mr. Talbert.[6] Appellant asserts that the following exchange should not have been read to the jury because it was inadmissible hearsay.

> **Detective Acerenza**: Why do you think your shooting has to do with [an] incident [regarding an individual named T.I.]?
>
> **Mr. Talbert**: Because today my cousin Rachel told me that her friend Janae said T.I. was calling home from jail letting people know that I was home. He may be trying to have me set up.

---

[5] We address each of Appellant's sub-issues within the body of each Issue heading.

[6] Appellant also contends that PCRA counsel was ineffective for failing to develop this issue.

- 9 -

N.T., 12/6/11, at 175-76; Appellant's Brief at 18.

The basic requisite for the admissibility of any evidence is that it is competent and relevant. ***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super. 2003). Evidence is admissible if it "logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or . . . supports a reasonable inference or presumption regarding the existence of a material fact." ***Id***. "[T]he admissibility of evidence is a matter solely within the discretion of the trial court[,]" and "[t]his Court will reverse an evidentiary ruling only where a clear abuse of discretion occurs." ***Commonwealth v. Woeber***, 174 A.3d 1096, 1100 (Pa. Super. 2017).

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Pa.R.E. 801(c)(1)-(2). "Hearsay is not admissible [evidence] except as provided by [the Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. The purpose of the rule against the admission of hearsay is to protect a defendant's right to confront the witnesses against him at trial. ***See*** Comment to Pa.R.E. 802 (citing the Sixth Amendment to the U.S. Constitution and Article I, § 9 of the Pennsylvania Constitution); ***Crawford v. Washington***, 541 U.S. 36 (2004) (interpreting the Confrontation Clause to prohibit the introduction of "testimonial" hearsay from an unavailable witness against a criminal defendant unless the defendant had an opportunity to confront and cross-

examine the declarant). Our Rules of Evidence provide that certain statements are not excluded by the hearsay rule if the declarant testifies and is subject to cross-examination about the prior statement. *See*, *e.g.*, Pa.R.E. 803.1.

Further, "[w]hen an extrajudicial statement is offered for a purpose other than proving the truth of its contents, it is not hearsay and is not excludable under the hearsay rule." *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999). For example, statements that "establish ill-will or motive where they are not being offered for the truth of the matter contained therein" are admissible. *Id*.

Appellant asserts that this evidence was inadmissible hearsay that prejudiced him in the eyes of the jury and counsel should have objected and requested a limiting instruction. In addressing the hearsay issue, the PCRA court observed that the statement established Appellant's ill-will towards Mr. Talbert and a motive for the shooting. *See* PCRA Court Opinion, 11/7/17, at 12. The court also opined that the admission of Talbert's statement was permissible as a prior inconsistent statement. *See id*. at 11; Pa.R.E. 803.1(1).

We agree with the PCRA court's analysis. We further note, however, that the declarants participating in the challenged exchange testified at trial and were cross-examined. Accordingly, Appellant fully exercised his right to

confront the witnesses against him.  Appellant's challenge to the underlying

issue is, thus, without merit.

Because counsel will not be deemed ineffective for failing to pursue a

meritless claim, Appellant's ineffectiveness claims fails.

**ISSUE 2**

In his second issue, Appellant avers that based on ***Apprendi v. New***

***Jersey***, 530 U.S. 466 (2000), the court imposed an illegal sentence.  He

asserts that because the court did not instruct the jury on serious bodily injury,

his sentence may not exceed twenty years' incarceration under 18 Pa.C.S. §

1102(c).

Section 1102(c) provides, "a person who has been convicted of attempt,

solicitation or conspiracy to commit murder, murder of an unborn child or

murder of a law enforcement officer where serious bodily injury results may

be sentenced to a term of imprisonment which shall be fixed by the court at

not more than 40 years." 18 Pa.C.S. § 1102(c).  Where serious bodily injury

does not result, the person may be sentenced to no more than 20 years.  ***Id***.

Serious bodily injury is defined as "[b]odily injury which creates a substantial

risk of death or which causes serious, permanent disfigurement, or protracted

loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.

§ 2301.

In ***Apprendi***, the Supreme Court held that "any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be

- 12 -

submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 525. In interpreting **Apprendi**, the Pennsylvania Supreme Court has held that a defendant who is sentenced pursuant to a stipulated fact that is not charged to the jury is not entitled to relief under **Apprendi**. **Commonwealth v. Belak**, 825 A.2d 1252, 1256 n.10 (Pa. 2003). **See also Commonwealth v. Bizzel**, 107 A.3d 102, 113-14 (Pa. Super. 2014) (Bowes, J., concurring) (citing **U.S. v. Cotton**, 535 U.S. 625 (2002), as support for the proposition that **Apprendi** violations may be harmless).

Here, the court sentenced Appellant to twenty to forty years' incarceration for his conviction of Conspiracy to Commit Murder. Appellant avers that the sentence is illegal because the court did not charge the jury on serious bodily injury.

In addressing this issue, the court stated, "although the jury was not explicitly charged on serious bodily injury, such omission was harmless error since the evidence of serious bodily injury was overwhelming and uncontroverted." PCRA Court Opinion, 11/7/17, at 13.

We agree that the court did not err in sentencing Appellant to twenty to forty years' incarceration. The parties stipulated at trial to the admission of the victim's medical records, which delineated the injuries he suffered as a result of the gunshots. In addition, the victim himself testified regarding his injuries while wearing a colostomy bag. The jury was, thus, fully apprised of the fact that the victim had suffered serious bodily injury. Accordingly, even

if **Apprendi** were applicable here, Appellant suffered no prejudice by the court's failure to instruct the jury specifically on serious bodily injury. His sentence of twenty to forty years' incarceration is legal. 18 Pa.C.S. § 1102(c); **Belak**, **supra** at 1256 n. 10.

## ISSUE 3

In his third issue, Appellant asserts appellate counsel provided ineffective assistance for failing to assert that the trial court violated his right to a fair trial when it cleared the courtroom of certain individuals during Mr. Holman's testimony. Appellant's Brief at 32.

The context for this claim is the following. During the trial, Mr. Holman informed the court that he was concerned for his safety and his family's safety if he were to testify in front of certain individuals in the courtroom. After privately meeting with Mr. Holman, defense counsel, and the Commonwealth's counsel, and discussing the issue on the record, the court concluded that Mr. Holman's concerns were credible, and temporarily excluded these individuals from the courtroom while permitting Appellant's family members, the press, and other spectators to remain. N.T., 12/7/11, at 100-116.

It is axiomatic that the safety and welfare of witnesses testifying at a criminal trial is of paramount importance. "Proper security measures fall within the trial court's exercise of discretion ... [and] reasonable security measures will not prejudice the defendant's fair trial rights." **Commonwealth v. Gross**, 453 A.2d 620, 622 (Pa. Super. 1982). "[A] defendant raising a

public-trial violation via an ineffective-assistance claim must show either a

reasonable probability of a different outcome in his or her case or... that the

particular violation was so serious as to render the trial fundamentally unfair.

***Weaver v. Massachusetts***, 137 S.Ct. 1899, 1904 (2017).

> In addressing this issue, the PCRA court stated:

> Here, petitioner cannot show that this court's decision to exclude
> from the courtroom certain named persons, for security purposes,
> was an abuse of discretion.  Nor can he show that this court's
> decision was manifestly unreasonable or that it was the result of
> partiality, prejudice, bias or ill will.

PCRA Court Opinion, 11/7/17, at 14.

Based on our review of the record, we agree and conclude there is no

merit to Appellant's underlying claim that the court violated his right to a fair

trial.  The trial court acted within its prerogative after finding Mr. Holman's

concerns credible and worthy of action.  Appellant has not provided any

comprehensive argument to convince us that the court's decision to

temporarily exclude several individuals was manifestly unreasonable, likely

led to a different outcome, or rendered the trial fundamentally unfair.

***Weaver***, 137 S.Ct. at 1904.

Because there is no merit to the underlying claim, Appellant's assertion

of ineffective assistance of appellate counsel presented in this third issue

warrants no relief.

**ISSUE 4**

As presented in his Statement of Questions Presented, Appellant challenges PCRA counsel's effectiveness for failing to present an argument regarding the sufficiency of the evidence supporting his Conspiracy conviction. In his Brief, however, Appellant raises the sufficiency issue in the context of appellate counsel's effectiveness. Appellant's Brief at 40-48. We, thus, review the claim as a challenge to appellate counsel's advocacy.[7]

Appellant avers the evidence was insufficient to support his conviction for Conspiracy to Commit Murder because "an investigation was done into the alleged accomplice and [ ] he was not charged because there was no evidence showing that he knew a shooting was going to happen." Appellant's Brief at 41. He contends that because "[t]he same evidence that is being used to uphold [the conspiracy] conviction was deemed insufficient to establish a conspiracy amongst Appellant and the man with the glasses," his conviction cannot stand. *Id.* Fundamentally, Appellant's argument is that the jury

---

[7] We note that sufficiency of evidence challenges are not *per se* cognizable in a PCRA proceeding. ***Commonwealth v. Bell***, 706 A.2d 855, 861 (Pa. Super 1998); ***see also*** 42 Pa.C.S. § 9543(a)(2). Accordingly, PCRA counsel will not be found ineffective for failing to raise a non-cognizable issue. However, if raised, as here, as the underlying issue in a counsel ineffectiveness claim, we may review the merits. ***Commonwealth v. Natividad***, 938 A.2d 310, 329 (Pa. 2007).

incorrectly inferred that Appellant and Collins worked in concert to lure Mr. Talbert from the store. **See id.** at 42-45.[8]

"[T]o sustain a conviction for Criminal Conspiracy, the Commonwealth must establish that [Appellant]: (1) entered into an agreement to commit or aid in an unlawful act with another person or persons[;] (2) with a shared criminal intent[;] and (3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Fisher**, 80 A.3d 1186, 1190 (Pa. 2013); 18 Pa.C.S. § 903.  "Conspiracy is almost always proved through circumstantial evidence." **Commonwealth v. Lambert**, 795 A.2d 1010, 1016 (Pa. Super. 2002).  "The conduct of the parties and the circumstances surrounding their conduct may create 'a web of evidence' linking the accused to the alleged conspiracy beyond a reasonable doubt." **Id**.

In addressing this issue, the PCRA court concluded that appellate counsel was not ineffective for failing to pursue a sufficiency of evidence claim because, when viewed in the light most favorable to the verdict winner, the evidence at trial showed that Appellant and Mr. Collins entered into an agreement to lure Mr. Talbert into the street to shoot him. **See** PCRA Court Opinion, 11/7/17, at 16. **See also Commonwealth v. Simmons**, No. 1559

---

[8] Appellant also argues that his conviction is unconstitutional under **Commonwealth v. New**, 47 A.2d 450 (Pa. 1947).  Appellant did not raise this claim in his Pa.R.A.P. 1925(b) Statement.   Thus, it is waived. **Commonwealth v. Hill,** 16 A.3d 484, 494 (Pa. 2011).

EDA 2012, at 6-7 (noting that the jury found that Appellant was an active
participant in the conspiracy to harm Mr. Talbert).

Our review of the record supports the PCRA court's analysis. The trial
evidence showed that Appellant and Mr. Collins worked in concert, under the
guise of multiple drug transactions, to lure Mr. Talbert into the street so that
Appellant could shoot him. The jury's verdict was, thus, based on sufficient
evidence.

Because Appellant's underlying issue has no merit, this challenge to
appellate counsel's ineffectiveness fails to garner relief.

**ISSUE 5**

In his fifth issue, Appellant asserts that appellate counsel was ineffective
for failing to challenge (1) the trial court's denial of his oral motion to preclude
Mr. Kent's testimony regarding Mr. Talbert, and (2) the court's refusal to order
Mr. Kent to turn over Mr. Talbert's relocation file to defense counsel.
Appellant's Brief at 49-51, 55-57. Specifically, Appellant alleges that because
Mr. Kent's testimony was based on Mr. Talbert's relocation file, to which
defense counsel did not have access, the court should have precluded Mr.
Kent's testimony. Appellant baldly concludes that his Confrontation Clause,
Due Process, and Fair Trial rights were violated as a result. **See** Appellant's
Brief at 49. We disagree.

It is well settled that "[e]vidence that is not relevant is not admissible."
Pa.R.E. 402. Evidence is admissible if it "logically or reasonably tends to prove

or disprove a material fact in issue, tends to make such a fact more or less probable, or . . . supports a reasonable inference or presumption regarding the existence of a material fact." **Freidl**, 834 A.2d at 641. This Court reviews a court's evidentiary rulings for an abuse of discretion. **Woeber**, 174 A.3d at 1100.

Under our rules of criminal procedure, the Commonwealth must disclose "[a]ny evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth." Pa.R.Crim.P. 573(B)(1)(a). Our Supreme Court has held that documents pertaining to a witness's relocation plans are not "material or helpful" to the defendant. **Commonwealth v. Treiber**, 121 A.3d 435, 462-63 (Pa. 2015) (citing **Commonwealth v. Birdsong**, 24 A.3d 319, 327-28 (Pa. 2011)).

Appellant has not shown that Mr. Talbert's relocation file was relevant or material to the underlying Conspiracy conviction. Mr. Kent's testimony about the documents in the relocation file demonstrated that the information in the file was based solely on interactions that occurred after the shooting while Appellant recuperated from his gunshot wounds in the hospital. Thus, the information in the relocation file was not relevant to the issue of whether it was Appellant who shot the victim or was part of a conspiracy to shoot the victim. **See** N.T., 12/12/11, at 33. Accordingly, the trial court did not abuse

its discretion by admitting Mr. Kent's testimony and refusing to mandate disclosure of Mr. Talbert's relocation file.

Because the underlying claim is without merit, we conclude this claim of ineffective assistance of appellate counsel fails.

**ISSUES 6 and 7**

Somewhat related to his fifth issue, in his sixth and seventh issues, Appellant asserts that PCRA counsel provided ineffective assistance by failing to raise a **Brady** claim.[9]   He argues that his right to a fair trial was violated when the Commonwealth failed to disclose Mr. Talbert's relocation file, which he could have used to impeach Mr. Talbert's testimony.  Appellant insists that, based on Mr. Talbert's receipt of prior assistance in an unrelated case from the victims' services relocation program, Mr. Talbert had a financial incentive to testify against Appellant.  Appellant's Brief at 59.  Appellant, thus, contends he could have used the information in the file to impeach Mr. Talbert's testimony, and PCRA counsel should have pursued this issue.  **Id**. at 59-60.

In order to obtain relief based on a violation of **Brady**, a petitioner must prove that (1) the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the

---

[9] **Brady v. Maryland**, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

prosecution, either willfully or inadvertently; and (3) prejudice ensued. **Commonwealth v. Simpson**, 66 A.3d 253, 264 (Pa. 2013). An appellant must demonstrate that the alleged **Brady** violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Cam Ly**, 980 A.2d 61, 76 (Pa. 2009).

Our Supreme Court has held that there is no viable **Brady** claim when the Commonwealth does not provide documents pertaining to a witness's relocation plan to a defendant because such "challenged evidence [is] not material or helpful" to the defendant. **Treiber**, 121 A.3d at 462-63 (citing **Birdsong**, 24 A.3d at 328 (Pa. 2011) (stating Commonwealth's failure to disclose that it placed witnesses in protection programs did not constitute material evidence)).

In the instant case, the PCRA court concluded that Appellant's **Brady** claim is meritless because Appellant did not show that the documents were material to his guilt or innocence or that was he was prejudiced by their non-disclosure. PCRA Court Opinion, 11/7/17, at 17.[10] We agree.

Evidence related to Mr. Talbert's relocation plan, in this case or a previous case, is immaterial to whether Appellant committed the underlying crime. Moreover, Appellant does not assert that the evidence in the relocation file is exculpatory.

---

[10] The PCRA court also found the claim to be meritless because the file contained confidential information. PCRA Court Opinion at 17.

Further, contrary to Appellant's assertion, the relocation file would not have provided material to establish that the relocation program provided financial benefit to Mr. Talbert and thus, provided him with a motive to lie and implicate Appellant. As noted *supra*, Mr. Kent testified that Appellant received no financial benefit from the relocation service because Mr. Talbert moved to a friend's house rather than accept the services, including financial assistance, offered to him. Accordingly, Appellant's **Brady** claim is without merit.

Because we will not find PCRA counsel ineffective for failing to raise a meritless claim, this issue fails.

## ISSUE 8

In his eighth and final issue, Appellant asserts that trial counsel provided ineffective assistance because he failed to raise a claim of prosecutorial misconduct that he alleges occurred during the Commonwealth's closing argument.[11] We conclude there is no merit to the underlying claim and, thus, the ineffectiveness claim fails.

Appellant asserts counsel should have objected to the following four remarks the Commonwealth made during its closing argument:

> (1) Charles Talbert was supposed to be dead and no one was going to say boo about Johnnie Simmons being the shooter. That's what was supposed to happen that day as Charles Talbert would have been dead and all of those neighbors wouldn't have said a word about who did it. Wouldn't have had the courage

---

[11] Defense counsel did not object to the Commonwealth's closing argument at any time. **See** N.T., 12/12/11, at 121-41.

because Johnnie Simmons and his boys have so much juice in the neighborhood that the neighborhood is terrified of them.

(2) Is it any surprise that he comes in and tries to use the magic words? I don't want an innocent person to go to jail. None of us believe little Johnnie is innocent.

(3) In Philadelphia we don't allow shooters to get away with it because they shoot other criminals. That's not how it works. That's the company that Johnnie Simmons keeps.

(4) Don't you dare take the easy way out and say I want fingerprints. I want a video. The question is not what you want in terms of evidence. If I had that Johnnie would have pled guilty on Monday and I would have been out Christmas shopping.

N.T., 12/12/11, at 121-22, 128, 134-35. During its jury charge, the court specifically instructed the jury that statements made by counsel during closing arguments are not to be considered evidence. N.T., 12/12/11, at 84-85.

Appellant contends that the above statements were prejudicial and resulted in the denial of a fair trial. Appellant's Brief at 72, 75. Based on our review of the record and relevant case law, we disagree.

"[W]ith [regard] to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered." *Commonwealth v. Jones*, 191 A.3d 830, 835 (Pa. Super. 2018) (citation omitted). In addition, "[o]ur review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial." *Id*. (citation omitted).

Further, the court will not grant a new trial to a defendant as a result of a prosecutor's comments unless those comments "have the unavoidable effect of prejudicing the jury so that the jury has such a fixed bias and hostility towards the defendant that the jury can not weigh the evidence objectively and render a true verdict." ***Id***.

> The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

***Id***. at 835-36 (citing ***Commonwealth v. Jaynes***, 135 A.3d 606, 615 (Pa. Super. 2016), *appeal denied*, 145 A.3d 724 (Pa. 2016) (quotation marks and citations omitted)).

Further, "[t]he law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Brown***, 786 A.2d 961, 971 (Pa. 2001) (citations omitted).

Our review indicates that the prosecutor's statements, presented with oratorical flair as an advocate for the Commonwealth, were based on the evidence presented at trial. In light of the context in which the statements were made and the trial court's subsequent instruction, we cannot conclude that the "unavoidable effect of such comments" was "to prejudice the jury,

forming in their minds fixed bias and hostility toward" Appellant. **Jones**, 191 A.3d at 835.

Moreover, our review of the record supports a conclusion that Appellant received a fair trial. The trial occurred before a jury with multiple witnesses testifying over five days. In light of the plethora of evidence against Appellant, we cannot conclude that the prosecutor's comments made to the jury during closing arguments rendered the jury unable to "weigh the evidence objectively and render a true verdict." **Id**.

Because the underlying claim has no merit, Appellant's assertion of trial counsel's ineffectiveness fails.

## CONCLUSION

Having found no merit to Appellant's issues, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18

**Appeal Docket Sheet**　　　　　　　　　　　　　　　　　　　**Superior Court of Pennsylvania**

**Docket Number: 1649 EDA 2017**

**Page 1 of 7**

**July 18, 2019**

**Secure**



| CAPTION |
|---|

Commonwealth of Pennsylvania
　　　v.
Johnnie Simmons
　　Appellant

| CASE INFORMATION |
|---|

| | | |
|---|---|---|
| Initiating Document: | Notice of Appeal IFP | |
| Case Status: | Closed | |
| Case Processing Status: | July 18, 2019 | Completed |
| Journal Number: | J-S48015-18 | |
| Case Category: | Criminal | Case Type(s): Murder / Criminal Conspiracy |

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| SCHEDULED EVENT |
|---|

Next Event Type:　　　　　　　　　　　　　　　　　　　Next Event Due Date:

| COUNSEL INFORMATION |
|---|

**Appellant**　　**Simmons, Johnnie**

| | | |
|---|---|---|
| Pro Se: | Yes | Appoint Counsel Status: Not Represented |
| IFP Status: | Yes | |
| | Pro Se: | Johnnie Simmons |
| | PACFile Registered: | No |
| | Address: | SCI@Rockview, KK-2259 |
| | | Box A |
| | | Bellefonte, PA 16823-0820 |
| | Receive Mail: | Yes |
| | Receive EMail: | No　EMail Address: |

**Appellee**　　**Commonwealth of Pennsylvania**

| | | |
|---|---|---|
| Pro Se: | No | Appoint Counsel Status: Represented |
| IFP Status: | | |
| | Attorney: | Goode, Lawrence Jonathan |
| | Bar No: | 051727 |
| | Law Firm: | Philadelphia District Attorney's Office |
| | PACFile Registered: | Yes |
| | Address: | 3 S Penn Sq |
| | | Philadelphia, PA 19107-3499 |
| | Phone No: | (215) 686-5729　　Fax No: (215) 686-5725 |
| | Receive Mail: | Yes |
| | Receive EMail: | Yes　EMail Address: lawrence.goode@phila.gov |

**Appeal Docket Sheet**                                    **Superior Court of Pennsylvania**

**Docket Number: 1649 EDA 2017**

**Page 2 of 7**

**July 18, 2019**                              **Secure**                         

| COUNSEL INFORMATION |
|---|

**Appellee      Commonwealth of Pennsylvania**

Pro Se:          No          Appoint Counsel Status:  Represented

IFP Status:

|  | |
|---|---|
| Attorney: | Burrows, William Gordon |
| Bar No: | 321256 |
| Law Firm: | Philadelphia District Attorney's Office |
| PACFile Registered: | Yes |
| Address: | Philadelphia Da's Office |
| | 3 S Penn Sq |
| | Philadelphia, PA 19107 |
| Phone No: | (570) 459-0511          Fax No: |
| Receive Mail: | Yes |
| Receive EMail: | Yes    EMail Address: william.burrows@phila.gov |

| FEE INFORMATION |
|---|

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 05/29/2018 | 2nd Motion for Extension of Time | 10.00 | 07/02/2018 | 2018-SPR-E-001143 | 10.00 |

| AGENCY/TRIAL COURT INFORMATION |
|---|

| | | | |
|---|---|---|---|
| Order Appealed From: | May 5, 2017 | Notice of Appeal Filed: | May 15, 2017 |
| Order Type: | PCRA Order | | |
| Documents Received: | June 5, 2017 | | |

| | | | |
|---|---|---|---|
| Court Below: | Philadelphia County Court of Common Pleas | | |
| County: | Philadelphia | Division: | Philadelphia County Criminal Division |
| Judge: | Byrd, Sandy L. V. | OTN: | N7261144 |
| Docket Number: | CP-51-CR-0004773-2011 | Judicial District: | 01 |

| ORIGINAL RECORD CONTENT |
|---|

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Original Record | December 11, 2017 | |
| **Comment:** PacFiled | | |
| Exhibit(s) | December 11, 2017 | |
| Trial Court Opinion | December 11, 2017 | |
| Original Record | December 11, 2017 | |
| Testimony | March 28, 2018 | |
| Testimony | November 08, 2018 | |

**Date of Remand of Record:**

| BRIEFING SCHEDULE |
|---|

| **Appellant** | **Appellee** |
|---|---|
| **Simmons, Johnnie** | **Commonwealth of Pennsylvania** |
| **Brief** | **Brief** |
| Due: March 23, 2018      Filed: February 27, 2018 | Due: July 18, 2018      Filed: July 10, 2018 |
| **Reply Brief** | |
| Due: July 24, 2018      Filed: July 25, 2018 | |

| DOCKET ENTRY |
|---|

**Appeal Docket Sheet**                                                      **Superior Court of Pennsylvania**

**Docket Number: 1649 EDA 2017**

**Page 3 of 7**                                         **Secure**                          

**July 18, 2019**

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **June 5, 2017** | Notice of Appeal IFP Docketed | | |
| | | Appellant | Simmons, Johnnie |
| **June 5, 2017** | Docketing Statement Exited (Criminal) | | |
| | | | Superior Court of Pennsylvania |
| **June 6, 2017** | Application for Relief | | |
| | | Appellant | Simmons, Johnnie |
| | Comment: Application to Proceed Pro Se | | |
| **June 19, 2017** | Application for Relief | | |
| | | Appellant | Simmons, Johnnie |
| **June 28, 2017** | Order | | |
| | | | Per Curiam |
| | Comment: Upon consideration of Appellant's pro se "Motion For A Grazier Hearing To Proceed Pro Se," filed on June 5, 2017 and June 19, 2017, the trial court is hereby directed to conduct an on-the-record determination as to whether the Appellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), and to provide written notice of its determination to the Prothonotary of this Court within sixty (60) days of the date that this Order is filed. The Prothonotary of this Court is directed to forward copies of this Order to the Honorable Sandy L.V. Byrd and Appellant's counsel, David Scott Rudenstein, Esq. | | |
| **June 30, 2017** | Trial Court Acknowledgement of Order | | |
| | | | Philadelphia County Court of Common Pleas |
| **August 16, 2017** | Other | | |
| | | | Lower Court or Agency |
| | Document Name: TC Order - Appellant is permitted to proceed Pro Se | | |
| **August 16, 2017** | Court Appointed Counsel Relieved | | |
| | | | Superior Court of Pennsylvania |
| | Comment: After Grazier hearing, appellant is permitted to proceed pro se | | |
| **August 16, 2017** | Docketing Statement Exited (Criminal) | | |
| | | | Superior Court of Pennsylvania |
| | Comment: Docketing Statement issued to Pro Se Appellant. | | |
| **August 23, 2017** | Application for Relief | | |
| | | Appellant | Simmons, Johnnie |
| | Comment: Petition for leave to file a pro-se concise statement of matters complained of on appeal in the lower court | | |
| **August 24, 2017** | Docketing Statement Received (Criminal) | | |
| | | Appellant | Simmons, Johnnie |

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  1649 EDA 2017**

**Page 4 of 7**

**July 18, 2019**



**Secure**

| DOCKET ENTRY |
|---|

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| September 18, 2017 | Order | | Per Curiam |
| | Comment: Upon consideration of the Appellant's pro se "Petition For Leave To File A Pro-Se Concise Statement Of Matters Complained Of On Appeal In The Lower Court," Appellant shall be permitted to file in the trial court and serve upon the trial judge a supplemental Pa.R.A.P. 1925(b) statement of errors complained of on appeal, within twenty-one (21) days of the date that this Order is filed. The trial judge shall prepare an opinion, pursuant to Pa.R.A.P. 1925(a), in response to the supplemental Rule 1925(b) statement, and transmit the supplemental Rule 1925(b) statement and opinion with the certified record to the Prothonotary of this Court sixty (60) days from the date that this Order is filed. The Prothonotary of this Court is directed to provide copies of Appellant's application and this Order to the trial court clerk of courts and the Honorable Sandy L.V. Byrd. | | |
| October 11, 2017 | Trial Court Acknowledgement of Order | | Philadelphia County Court of Common Pleas |
| December 11, 2017 | Trial Court Record Received | | Philadelphia County Criminal Division |
| December 11, 2017 | Exhibits | | Philadelphia County Criminal Division |
| December 11, 2017 | Trial Court Opinion Received | | Philadelphia County Criminal Division |
| December 11, 2017 | Sealed Trial Court Record Received - Sensitive Documents | | Philadelphia County Criminal Division |
| December 11, 2017 | Briefing Schedule Issued | | Superior Court of Pennsylvania |
| January 16, 2018 | Application for Extension of Time to File Brief - First Request | Appellant | Simmons, Johnnie |
| January 19, 2018 | Order Granting Application for Extension of Time to File Appellant Brief | | Per Curiam |
| | Comment: Due March 23, 2018 | | |
| February 7, 2018 | Application for Correction of the Original Record | Appellant | Simmons, Johnnie |
| February 27, 2018 | Appellant's Brief Filed | Appellant | Simmons, Johnnie |
| February 28, 2018 | Application to Exceed Word Limitations | Appellant | Simmons, Johnnie |
| March 6, 2018 | Submitted on Brief | | Eastern District Filing Office |

**Appeal Docket Sheet**                                      **Superior Court of Pennsylvania**

**Docket Number:  1649 EDA 2017**

**Page 5 of 7**

**July 18, 2019**                                   **Secure**



| | DOCKET ENTRY | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **March 6, 2018** | Remand Jurisdiction Retained | | |
| | | | Per Curiam |
| | Comment: Upon consideration of the Appellant's pro se "Motion To Transmit The Proper Record To The Superior Court Pursuant to Pa.R.A.P. Rule 1921 et. Seq., 1926, and 1931(d)," the PCRA court is directed to certify and transmit a supplemental record to this Court containing the notes of testimony from the trial and sentencing, and any other notes of testimony or documents referenced in Appellant's motion that the PCRA court deems necessary and relevant to allow for a complete and judicious assessment of the issues raised on appeal, within thirty (30) days of the date that this Order is filed. See Pa.R.A.P. 1926 (providing that the appellate court may direct that anything material omitted from or misstated in the record be corrected and that a supplemental record be certified and transmitted if necessary); Commonwealth v. McDonald, 428 A.2d 174 (Pa. Super. 1981) (Pa.R.A.P. 1926 permits the lower court to correct an omission in the record and to certify and transmit a supplemental record). The Prothonotary of this Court is directed to provide the trial court Office of Judicial Records and the Honorable Sandy L.V. Byrd with copies of the Appellant's motion and this Order.<br><br>3/28/18 - Some notes PACFiled. Requested 10/23/12 & 12/16/16. | | |
| **March 28, 2018** | Transcripts of Testimony | | |
| | | | Court Reporters, Digital Recording, and Interpreters Administration - Firs Judicial District of Pennsylvania |
| **March 28, 2018** | Order Granting Application to Exceed Word Limitations | | |
| | | | Per Curiam |
| | Comment: The Appellant's pro se "Application For Relief To Exceed The Word Count Limit For Appellant's Brief By 1,597 Words" is GRANTED. The Appellant's February 27, 2018 brief is accepted as filed. | | |
| **March 29, 2018** | Entry of Appearance - District Attorney | | |
| | Commonwealth of Pennsylvania | Appellee | Burrows, William Gordon |
| **March 29, 2018** | Application for Extension of Time to File Brief - First Request | | |
| | | Appellee | Commonwealth of Pennsylvania |
| **March 29, 2018** | Order Granting Application for Extension of Time to File Appellee Brief | | |
| | | | Per Curiam |
| | Comment: Due May 28, 2018. No further extensions will be granted absent extraordinary circumstances. Counsel's busy schedule will not be considered an extraordinary circumstance. | | |
| **April 6, 2018** | Trial Court Acknowledgement of Order | | |
| | | | Philadelphia County Court of Common Pleas |
| **May 3, 2018** | Other | | |
| | | | Lower Court or Agency |
| | Document Name: 4/3/18 Order from TC Judge Byrd regarding notes of testimony | | |

**Appeal Docket Sheet**                                    **Superior Court of Pennsylvania**

**Docket Number: 1649 EDA 2017**

**Page 6 of 7**

**Secure**

**July 18, 2019**



| DOCKET ENTRY | | | |
|---|---|---|---|
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
| **May 29, 2018** | Application for Extension of Time to File Brief - Second Request | | |
| | | Appellee | Commonwealth of Pennsylvania |
| **June 4, 2018** | Order Granting Application for Extension of Time to File Appellee Brief | | |
| | | Per Curiam | |
| | Comment: The Commonwealth's application for a second extension of time to file briefs is GRANTED. The Commonwealth's brief is due by July 18, 2018. No further extensions shall be granted to the Commonwealth. | | |
| **July 10, 2018** | Appellee's Brief Filed | | |
| | | Appellee | Commonwealth of Pennsylvania |
| **July 11, 2018** | Paper Version of PACFiled Document Received | | |
| | | Appellee | Commonwealth of Pennsylvania |
| | Document Name: EBRF | | |
| **July 23, 2018** | Submission Letter Sent | | |
| | | | Kohler, Benjamin D. |
| **July 25, 2018** | Appellant's Reply Brief | | |
| | | Appellant | Simmons, Johnnie |
| **November 8, 2018** | Transcripts of Testimony | | |
| | | | Court Reporters, Digital Recording, and Interpreters Administration - Firs Judicial District of Pennsylvania |
| **December 19, 2018** | Affirmed | | |
| | | | Dubow, Alice B. |
| **January 3, 2019** | Application for Reargument | | |
| | | Appellant | Simmons, Johnnie |
| **February 19, 2019** | Order Denying Application for Reargument | | |
| | | Per Curiam | |
| | Comment: THAT the application filed January 3, 2019, requesting reargument of the decision dated December 19, 2018, is DENIED. | | |
| **July 18, 2019** | Remitted - No Trial Court Record | | |
| | | | Superior Court of Pennsylvania |
| | Comment: RECORD PACFILED | | |

| SESSION INFORMATION |
|---|

Journal Number:         J-S48015-18
Consideration Type:     Submit Panel
Listed/Submitted Date:  July 30, 2018

Panel Composition:
    The Honorable Alice B. Dubow                    Judge
    The Honorable Mary P. Murray                    Judge
    William H. Platt                                Judge

Case 2:19-cv-02624-GAM   Document 59-15   Filed 01/04/24   Page 32 of 32

2:38 P.M.

PCRA

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  1649 EDA 2017**

**Page 7 of 7**

**Secure**

**July 18, 2019**



### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | J-S48015-18 | Judgment Date: | December 19, 2018 |
| Category: | Decided | Disposition Author: | Dubow, Alice B. |
| Disposition: | Affirmed | Disposition Date: | December 19, 2018 |
| Dispositional Filing: | **Memorandum** | Filing Author: | Dubow, Alice B. |
| Filed Date: | 12/19/2018  12:00:00AM | | |

### REARGUMENT / RECONSIDERATION / REMITTAL

| | |
|---|---|
| Filed Date: | January 3, 2019 |
| Disposition: | Order Denying Application for Reargument |
| Disposition Date: | February 19, 2019 |
| Record Remittal: | |